IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROLLY O. KINNELL,

Plaintiff,

v.                                    CASE NO.  98-3112-SAC

SECRETARY OF VETERANS
AFFAIRS, et al.,

Defendants.

O R D E R

This civil rights complaint was dismissed over nine years ago on December 9, 1998 (Doc. 36).  Plaintiff filed a post-judgment motion and an appeal of its denial, which was dismissed because he is a three-strikes litigant and had not paid the appellate filing fee.  Mr. Kinnell submitted additional motions, which the court denied.  On November 29, 2001, the court found and held:

> Like the Tenth Circuit, this court finds "that Kinnell's filing in this court have been repetitive and frivolous and that restrictions beyond those imposed by § 1915(g) are needed to prevent further filings of this nature."  265 F.3d at 1125.  Following the lead of the Tenth Circuit, this court imposed the following restrictions on Kinnell's filings in the current case:  Kinnell is enjoined from filing any further matters in this case without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed pro se.  To do so, he must take the following steps:
> 1.  File a separate petition with the clerk of this court requesting leave to file pro se a pleading, motions or submission;
> 2.   File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present and a short statement of the legal basis asserted in the matter for filing.  The affidavit must also certify, to the best of his knowledge, that the legal arguments

> advanced are not frivolous or made in bad faith;
> that the pleading motion, or submission is not
> filed for any improper purpose; and that he will
> comply with all federal district rules and local
> rules of this court.
>
> These required documents shall be submitted
> to the clerk of this court, who shall forward them
> to this court for review to determine whether to
> permit the plaintiff to proceed pro se in this
> pleading, motion or submission. Without the
> court's approval, the matter will not be filed and
> will not proceed. If the court approves the
> submission, an order will be entered indicating
> that the matter shall proceed in accordance with
> all applicable federal rules. Only at that
> juncture will the motion, order, or other
> proceeding formally be filed in this court.

Kinnell v. Secretary, No. 98-3112 (Doc. 61) at 2-3 (D.Kan., Nov.

29, 2001). In its next Order herein, the court further found and

ordered:

> The plaintiff's filings demonstrate his adamant
> refusal to accept the finality of the court's
> rulings in this case; his insistence on asserting
> claims and jurisdiction that were never pleaded in
> this case and, thus, have no place in it; his
> utter defiance of the restrictive rules governing
> post-judgment proceedings; and his disturbing
> proclivity to level baseless accusations against
> the court and its staff. For these reasons, the
> court imposes the filing restrictions in its prior
> order. The court shall . . . deny leave to file
> any matters unless the plaintiff's affidavit
> establishes a good faith basis for his expressed
> and purported belief that the proposed filing is
> not frivolous but warranted by existing law or a
> good faith argument for extending, modifying or
> reversing the existing law.

Kinnell v. Secretary, Case No. 98-3112 (Doc. 64) at 2 (D.Kan., Dec.

20, 2001). After more motions were filed, the court additionally

ordered:

> [P]laintiff shall seek leave of the court before
> he submits any other pleading for filing in this
> action. Any such request shall reference the

> present order.  The failure to comply with this
> directive may result in the striking of the
> pleading without prior notice to plaintiff.

Id., (Doc. 67).  On February 6, 2008, the court considered three

more post-judgment motions by plaintiff and held:

> Kinnell's motions do not conform with the filing
> restrictions imposed in this case, which included
> the requirement that he seek leave to file and
> submit affidavits described in the court's prior
> orders.  The court concludes these motions should
> be denied as not in compliance with filing
> restrictions previously imposed herein.   Mr.
> Kinnell is also a three-strikes litigant, and has
> filed numerous frivolous and abusive pleadings in
> other cases as well.  The court additionally finds
> that Mr. Kinnell does not allege any valid grounds
> for post-judgment relief.   His claims that the
> undersigned judge is biased are not raised in a
> properly supported motion to recuse, and rulings
> against plaintiff do not constitute grounds for
> such a motion.  In short, the pleadings he seeks
> to file are precisely the types of pleadings which
> compelled this court to impose filing restrictions
> upon him.

Id., (Doc. 74).  Petitioner appealed this Order, and his appeal was

dismissed for lack of prosecution.  Appeal No. 08-3050 (Doc. 82).

Mr. Kinnell was still not deterred and has recently

submitted several more mailings.  The court has reviewed the

materials, which are entitled as follows: "Plaintiff Files for

leave to Object to this Court upon Fraud, Should be Allowed to

Proceed in forma pauperis" received March 4, 2008; "Plaintiff's

Response to Defendant's Opposition upon Motion for Leave to file

Declaratory Judgment Memorandum" received March 5, 2008; "Article

III, Sect. 2, Clause 1, upon Rule 12(a)(3)(A)(B), Rule

60(b0(3)(4)(6), Rule 28 U.S.C. 1332(b), 18 U.S.C. 1509 Against Sam

Crow, and Tanya Sue Wilson" received June 11, 2008; and "Motion for

3

Leave to Have Vacated Order under Fraud and Void Judgment upon 28 U.S.C. 1331" received June 24, 2008.  The court has also reviewed plaintiff's "Motion for Leave Upon this Affidavit to Present Deliberate Fraud" (Doc. 75), which was filed upon receipt by the Clerk.

The court finds from these materials and the record that Mr. Kinnell continues to fail or refuse to abide by the filing restrictions ordered in this and some other of his twenty-three closed federal cases.  The court further finds that these materials do not comply with the filing restrictions already imposed and recited herein.  They are not simply motions for leave to file pleadings in this case.  Instead, they are the pleadings and exhibits he intends to have filed.  On some he has inserted the words "Motion for Leave" before the title of the pleading. Nevertheless, the document does not comply with the court's prior orders that he seek leave of court <u>before</u> submitting any further pleading.  Nor do they refer to any of the court's prior orders setting forth filing restrictions.  The court further finds that this set of submitted materials contains no significant new facts, arguments, or authorities that would support a timely, proper post-judgment motion.  The court shall construe and deny the pleading that was filed as a motion (Doc. 75) and order the other materials returned to Mr. Kinnell unfiled due to his failure to comply with the existing filing restrictions in this case.

In the interest of preserving judicial resources, the court finds it necessary at this time to order more specific filing

4

restrictions upon Mr. Kinnell in this case[1].  After the entry of this Order, the only pro se pleading that will be accepted by the clerk's office from Mr. Kinnell for filing in this case is a single-paged motion with the case caption and title of "Motion for Leave to File Pleading" at the top[2].  In the body of this motion, Mr. Kinnell must state the title of the pleading he wishes to file herein and in a sentence or two very briefly describe the pleading's legal and factual basis.  The pleading he seeks to file is not to be included with the motion.  If a pleading is submitted for filing before this court has entered an order granting plaitiff's motion for leave to file that particular pleading, the pleading and the motion for leave shall not be filed but shall be returned to plaintiff.  In addition, Mr. Kinnell's "Motion for Leave to File Pleading" must be based upon relevant facts, Supreme Court authority, or arguments that he has not presented in prior pleadings filed herein; and he must so aver in his motion.  Any motion that does not contain a credible averment that it is based upon new facts, authority, or arguments will be denied.  Lastly, Mr. Kinnell must attach to any "Motion for Leave to File Pleading" a copy of this Order containing the filing restrictions in this case.  If a copy of this Order is not attached so that the clerk is

---

[1]
  Similar restrictions will be ordered in <u>Kinnell v. U.S.A., et al.</u>, No. 02-3228 (D.Kan. Aug. 21, 2002); and have been ordered in <u>Kinnell v. State</u>, 00-3235 (D.Kan. July 8, 2008).

[2]
  Mr. Kinnell is also directed to file any motion in one case only.  If he wishes to file the same motion in two cases, he must submit a second motion with the second case number only in the caption.

made immediately aware of these restrictions before filing the motion or pleading, the document will be stricken once the noncompliance is discovered by the clerk or the court.

IT IS **THEREFORE ORDERED** that the materials received by the clerk of the court from Mr. Kinnell listed by dates and titles herein and not yet filed, be returned to Mr. Kinnell without filing because they are not in compliance with the filing restrictions in this case.

IT IS **FURTHER ORDERED** that the pleading filed as Document 75 is construed as a motion for leave to file and is denied because it is not in compliance with the filing restrictions in this case.

IT IS **FURTHER ORDERED** that after the entry of this Order the only pro se pleading that will be accepted from Mr. Kinnell for filing herein is a single-paged "Motion for Leave to File Pleading" that complies with the restrictions more fully set forth in the foregoing Order.

The Clerk is directed to flag this case with the "Pre-Filing Restrictions" flag, and to return any paper received from Mr. Kinnell for filing in this case that is not a single-paged "Motion for Leave to File Pleading" with a copy of this Order attached.  The Clerk should make a text-only entry on the docket each time she or he returns non-complying papers to Mr. Kinnell without filing.

IT IS **SO ORDERED**.

Dated this 10th day of July, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge