IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ROLLY O. KINNELL,**

                **Plaintiff,**

        **v.**                            **CASE NO. 98-3112-SAC**

**SECRETARY OF**
**VETERANS AFFAIRS,**
**et al.,**

                **Defendants.**

### O R D E R

This matter is before the court on yet another bunch of papers submitted by plaintiff for filing herein. The title on the top paper is "Motion for Leave to Show Jurisdiction was upon 28 U.S.C. 1331 of Claim Being More Than Ten Thousand Dollars." The top paper is construed as a "Motion for Leave to File Pleading" (Doc. 96), which is the only pleading plaintiff is currently permitted to submit herein. The court finds that this motion and the other papers do not comply with the previously imposed filing restrictions in this case. They are clearly more than a single-page motion with a copy of the court's restrictions order attached, and the title and content are non-compliant. The arguments made in the motion are very difficult to decipher, but recognizable phrases suggest plaintiff is again attempting to reargue diversity jurisdiction under 28 U.S.C. § 1332(a). He has been repeatedly informed that reargument is not a proper basis for post-judgment relief. Accordingly, this motion, treated as a Motion for Leave to File Pleading, shall be denied.

**NO FILE ORDER**

The court appreciates that Mr. Kinnell has made some effort to comply with filing restrictions imposed upon him. However, based upon the continually expanding record herein, and for reasons that follow, the court has come to the conclusion that plaintiff should be enjoined from filing any further papers in this case.

The court first finds that Mr. Kinnell continues to abuse judicial process in this case despite the court's efforts to curtail that abuse. This pro se civil complaint was filed and dismissed upon motions by defendants in 1998[1]. Plaintiff filed a post-judgment motion and an appeal of its denial, which was dismissed in 1999 because he is a three-strikes litigant and had not paid the appellate filing fee or credibly alleged "imminent danger of serious physical injury[2]." Mr. Kinnell filed a petition for writ of certiorari, which was denied in January, 2000.

Kinnell thereafter submitted additional post-judgment motions, which were denied. In August, 2001, the court admonished Mr. Kinnell that it would consider filing restrictions should he persist in this "pattern of frivolous filings." (Doc. 58). He ignored this admonition and filed "another frivolous motion" (Doc. 60) that included "abusive, spurious, and disparaging allegations about the court and its staff." (Doc. 61). In an order dated November 29,

---

[1] In this pro se civil action plaintiff sought an order requiring the Secretary of Veterans Affairs (VA) to provide him with a guaranteed, interest free loan, and claimed that the Commercial Financial Services (CFS) had "illegally compounded" interest on his credit card debt.

[2] The Tenth Circuit Court of Appeals at that time directed their clerk's office "to return any further filings which Kinnell attempts to make in civil matters, unless he prepays the fee in full or makes a credible allegation that he is in imminent danger of serious physical harm." Kinnell v. Secretary of Veteran Affairs, 198 F.3d 258, *2, 1990 WL 819570 (10th Cir. 1999).

2

2001 (Doc. 61), citing <u>Kinnell v. Graves</u>, 265 F.3d 1125 (10th Cir. 2001), the court set forth proposed restrictions "on Kinnell's filings in the current case," and gave him ten days to file written objections. The court considered Kinnell's response and, after the time expired, imposed filing restrictions in December, 2001.

In 2005, plaintiff filed an affidavit of prejudice against the undersigned judge and another motion for relief from judgment. These matters were rejected as "frivolous, abusive, and as having no legal merit." (Doc. 67). Plaintiff was reminded to seek leave of court before submitting any other pleading for filing. In 2007 and 2008, plaintiff filed more motions in this long-closed case. The motions were denied as not complying with filing restrictions, and not containing any "valid grounds for post-judgment relief." (Doc. 74). Plaintiff filed a Notice of Appeal (Doc. 76), which was dismissed.

Despite the court's explicit directions and admonitions, Mr. Kinnell continued to submit stacks of non-complying materials in this and other closed cases. In an order dated July 10, 2008, this court found:

> Mr. Kinnell continues to fail or refuse to abide by the filing restrictions ordered in this and some other of his twenty-three closed federal cases. The court further finds that these materials do not comply with the filing restrictions already imposed and recited herein. . . . [T]he court further finds that this set of submitted materials contains no significant new facts, arguments, or authorities that would support a timely, proper post-judgment motion.

The court construed one document among these materials as a motion, which was denied, and ordered the others returned to Mr. Kinnell unfiled as not in compliance with his filing restrictions (Doc. 83). The court also imposed filing restrictions with more specific

directions, finding it in "the interest of preserving judicial resources" to limit Kinnell's pro se pleadings herein to a single-paged "Motion for Leave to File Pleading" with the "title of the pleading he wishes to file" in the body together with a brief description of its legal and factual basis. The court also required that any future motion be "based upon relevant facts, Supreme Court authority, or arguments . . . not presented in prior pleadings filed herein." It was believed this would compel Mr. Kinnell to only file proper motions, as well as enable the clerk to determine his compliance prior to filing and immediately return any non-complying papers (Doc. 83).

Since then, Kinnell has continued to file materials in this post-judgment, post-appeal case, some of which were returned as non-compliant, and others denied by the court as non-compliant, and/or repetitive and abusive. He next filed yet another Notice of Appeal, which was dismissed because "plaintiff failed to show cause why the restrictions imposed (by that court in Kinnell v. Secretary, 1999 WL 819570 (10th Cir. 1999)) do not apply to this appeal." Kinnell v. Secretary, No. 08-3224 (10th Cir., Sept. 2, 2008)[3].

At the time of this writing, Mr. Kinnell has filed 17 post-judgment motions[4] and 3 appeals in this action. Since the notice of

---

[3] Plaintiff recently sent correspondence with more papers to Chief Judge Vratil complaining of the processing of his submissions in this case, which the clerk was directed to file herein. Judge Vratil issued an order declining formal action. Mr. Kinnell has now sued Judge Vratil, the undersigned judge, the Clerk of the Court and others alleging conspiracy, fraud, denial of redress, social security, and "right to proceed in forma pauperis" in this and other of his closed cases. See Kinnell v. Vratil, 09-3057-RDR. Once an order was entered in Case No. 09-3057 requiring Mr. Kinnell's compliance with 28 U.S.C. § 1915(g), he amended to add the judge hearing that case as another defendant.

[4] In addition, the clerk has returned several non-complying documents without filing, with the docket so noting.

denial of cert by the United States Supreme Court was docketed (Doc. 52), his filings have generated an additional 45 docket entries in this closed case[5].

Second, the court holds that Mr. Kinnell has no constitutional or other legal right that will be infringed by putting an end to his filing in this case[6]. His rights of access to the courts and to petition for redress certainly do not hinge on his being able to file an endless stream of repetitive, frivolous motions herein[7]. His original claims were soundly rejected by this court and on appeal. Despite numerous opportunities, he has consistently failed to propound any legitimate factual or legal basis for post-judgment relief. He merely continues to improperly argue and reargue his claims as well as insert tangential or unrelated matters. Cf., Fed.R.Civ.P. Rule 60(b). Nor can the court conceive of any basis upon which the judgment entered herein over a decade ago could be voided. See Fed.R.Civ.P. Rule 60(b). Moreover, new claims, like reasserted ones, cannot properly be litigated in a post-judgment motion. Instead, any new claim Kinnell may have now or in the

---

[5] Tenth Circuit Judges, like judges in this district, are well aware of Mr. Kinnell's abuse of the federal judicial system. See e.g., Kinnell v. State of Kansas, 1999 WL 26875 (10th Cir. 1999)("Petitioner Rolly O. Kinnell is well known to this court . . . We have dismissed four of his seven reported appeals as frivolous. The other three we have summarily affirmed."); Kinnell v. Kansas, 2009 WL 140120, *1 (10th Cir. Jan. 8, 2009)(In Kinnell v. Graves, 265 F.3d at 1125, "due to Kinnell's repeated abuse of the court system by filing frivolous claims, motions and appeals, we prohibited Kinnell from filing *any* appeal in this Court unless" he follows specific steps.)(emphasis in original).

[6] "It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest." White v. Colorado, 157 F.3d 1226, 1234 (10th Cir. 1998)(citing Carson v. Johnson, 112 F.3d 818, 821 (5th Cir. 1997); see also Wilson v. Yaklich, 148 F.3d 596, 604 (6th Cir. 1998)(noting Congress' legitimate interest in deterring frivolous prisoner filings in the federal courts)), cert. denied, 526 U.S. 1008 (1999).

[7] See White, 157 F.3d at 1233 ("Congress is no more compelled to guarantee free access to federal courts than it is to provide unlimited access to them.")(citation omitted).

future must be raised in a new action.

An order enjoining further filings in this case will in no way impair Mr. Kinnell's ability to bring new claims before the courts. He is not prohibited by his three-strikes designation from filing new actions[8]. However, as he is well-aware, absent a showing of imminent physical danger, he is required to prepay the entire filing fee before any new action or appeal may be considered[9]. Mr. Kinnell apparently seeks to avoid additional stacked fee obligations for new actions[10] by repetitively seeking post-judgment relief. It flies in the face of Congress' intent underlying the three-strikes provision to allow him to freely continue to file improper, frivolous and often-times malicious materials in this and other closed cases, when he is duly restricted from filing a new case without paying the full filing fee or making a credible showing of imminent danger[11].

The court concludes that no useful purpose is served by allowing Mr. Kinnell to file more post-judgment motions in this case. It will only lead to further squandering of the federal

---

[8] § 1915(g) "does not prevent prisoners with three strikes from filing civil actions; it merely prohibits them the privilege of in forma pauperis status." Jennings, 175 F.3d at 778 (citing White, 157 F.3d at 1233.). An inmate barred by § 1915(g) from proceeding in forma pauperis may proceed under the fee provisions of 28 U.S.C. § 1914 applicable to everyone else.

[9] § 1915(g) "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." Jennings v. Natrona County Detention Center Medical, 175 F.3d 775, 778 (10th Cir. 1999)(citing White, 157 F.3d at 1232).

[10] The court reminds Mr. Kinnell that legitimate reasons for his three-strikes designation have been chronicled in other of his cases and not successfully challenged by him. He is also reminded that the three-strikes provision is a federal law, and its constitutionality has been upheld by the Tenth Circuit in the face of his and others' challenges. Kinnell, 265 F.3d at 1128-29; Dubuc v. Johnson, 314 F.3d 1205, 1209 (10th Cir. 2003)("There is no doubt that § 1915(g) is constitutional.").

[11] None of the factual allegations underlying the complaint or made in Kinnell's motions filed herein suggests that imminent danger of serious physical injury is an element in this action.

judicial system's and his own limited resources. Accordingly, the court announces its intention, under these unique circumstances, to enjoin Mr. Kinnell from filing any further papers of any kind in this case. The court takes this action in furtherance of its power and duty to manage its own docket and protect limited judicial resources from irresponsible abuse.

Mr. Kinnell will be given ten (10) days to object to this proposed no-file restriction. His objections are limited to five pages including attachments, and may not contain any arguments on his claims in this or his other cases, but may only address the proposed no-file order itself. If no objections are timely filed, or if the objections are improper or without merit, this court will enter an order enjoining Mr. Kinnell from filing any further materials in this case, and direct the clerk to flag this case accordingly and promptly return any and all materials submitted by Mr. Kinnell for filing herein.

Any Notice of Appeal of this order filed by Mr. Kinnell that is submitted without prepayment of the full appellate filing fee is not taken in good faith.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Leave to File Pleading" (Doc. 96) is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted ten (10) days in which to file written objections to the court's proposed order to enjoin him from filing any further materials in this case.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2009, at Topeka, Kansas.

<pre>
                                   s/Sam A. Crow
                                   U. S. Senior District Judge
</pre>